1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RICARDO PIMENTEL,                        No.  2:14-cv-1192 MCE KJN (TEMP) P

12               Plaintiff,

13         v.

14    BRETT MATHEW FLEMING,                    ORDER

15               Defendant.

16

17    **I.      Introduction**

18          Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, in this civil rights

19    action pursuant to 42 U.S.C. § 1983.  This matter proceeds on plaintiff's original complaint, filed

20    May 15, 2014, which was found to state First Amendment claims against defendant Brett Mathew

21    Fleming for tampering with plaintiff's legal mail and for denying him access to the courts.  (ECF

22    Nos. 1, 10.)  Defendant now moves to dismiss the complaint.  (ECF No. 20.)

23    **II.     Plaintiff's Allegations**

24          At all times relevant to this action, plaintiff was housed at High Desert State Prison

25    ("HDSP") in Susanville, California, and defendant Fleming was employed at HDSP in the

26    Investigate Services Unit.[1]  Plaintiff's allegations against this defendant are reproduced here in

27    ─────────────────────

28    [1] Defendant is no longer employed at HDSP (Compl. at 2), and plaintiff's most recent Notice of Change of Address
      reveals that he is now housed at Kern Valley State Prison in Delano, California (ECF No. 9).

1    their entirety:

> C/O Fleming threaten to take children away, threaten to cause
> physical harm, taken of [sic] legal mail, violating attorney-client
> privileges, depriving me to file my appeal within time given by
> appeals court, taking of legal material intentionately [sic] to cause
> mental duress, reading of confidential correspondence & admitting
> to reading legal-confidential mail in court in and for county of
> Lassen cases while under oath. … Defendant Fleming, Investigative
> Service Unit, who legally did under color of law threaten & deprive
> [me] of constitutional rights.

Compl. at 3. Plaintiff seeks injunctive relief in the form of changes to the mail handling

procedures at HDSP. He also asks for damages and a criminal investigation.

**III.    Standards**

    **A.    Standard for a Motion to Dismiss pursuant to Rule 12(b)(6)**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578,

581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack

of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also

Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). In order to survive

dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of

the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to

relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a cognizable claim, the court accepts as true all

material allegations in the complaint and construes those allegations, as well as the reasonable

inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v.

King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S.

738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a

motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen,

395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations,

unreasonable inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643

F.2d 618, 624 (9th Cir. 1981).

1    In general, pro se pleadings are held to a less stringent standard than those drafted by

2    lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe

3    such pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

4    The court's liberal interpretation of a pro se complaint, however, may not supply essential

5    elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d

6    266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

7    **B.    Standard re: Civil Rights Act pursuant to 42 U.S.C. § 1983**

8    The Civil Rights Act under which this action was filed provides as follows:

9
> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
10
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
11
> law, suit in equity, or other proper proceeding for redress.

12   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

13   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

14   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

15   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

16   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

17   omits to perform an act which he is legally required to do that causes the deprivation of which

18   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

19   Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

20   their employees under a theory of respondeat superior and, therefore, when a named defendant

21   holds a supervisorial position, the causal link between him and the claimed constitutional

22   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

23   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

24   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

25   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

26   **IV.    Discussion**

27   Defendant moves to dismiss plaintiff's complaint for the following reasons:  (1) plaintiff

28   fails to state an access-to-court claim; (2) defendant cannot provide the injunctive relief plaintiff

3

1    seeks; and (3) plaintiff is not entitled to monetary damages for mental or emotional harm in the

2    absence of physical injury.

3              A.        Access-to-Court Claim

4              The First Amendment right to petition the government includes a right of access to the

5    courts.  See Cal. Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 510 (1972).  Prisoners

6    have a constitutional right of access to the courts.  Bounds v. Smith, 430 U.S. 817, 828 (1977).

7    Prisoners also have a right "to litigate claims challenging their sentences or the conditions of their

8    confinement to conclusion without active interference by prison officials."  Silva v. Di Vittorio,

9    658 F.3d 1090, 1103 (9th Cir. 2011), abrogated on other grounds as recognized in Richey v.

10   Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

11             An inmate alleging a violation of this right must show that he suffered an actual injury.

12   Lewis v. Casey, 518 U.S. 343, 349-51 (1996).  That is, plaintiff must allege that the deprivation

13   actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused

14   him to lose, an actionable claim challenging his criminal sentence or conditions of confinement.

15   See id. at 351; Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).  The right is limited to the

16   filing of direct criminal appeals, habeas petitions, and civil rights actions.  Lewis, 518 U.S. at

17   354-55.  Inmates do not have "an abstract, freestanding right to a law library or legal assistance,"

18   and "cannot establish relevant actual injury simply by establishing that [the] prison's law library

19   or legal assistance program is subpar in some theoretical sense."  Id. at 351.

20             In the complaint, plaintiff claims that defendant's conduct "depriv[ed] me to file my

21   appeal within time given by appeals court."  The complaint, however does not identify the case in

22   which he missed a deadline or indicate whether he suffered any injury as a result.  Because actual

23   injury is a jurisdictional requirement that may not be waived, an actual injury must be alleged in

24   order to state a claim for relief.  Nevada Dept. of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir.

25   2011), cert. denied, 132 S. Ct. 1823 (2012); see, e.g., Jenkins v. McMickens, 618 F. Supp. 1472,

26   1474-75 (S.D. N.Y. 1985) (complaint alleging certain documents pertaining to pending trial

27   confiscated and not returned too conclusory to support claim of denial of access to court).  Having

28   failed to meet this requirement, the complaint must be dismissed for failure to state a claim.

1    Defendant urges the court to dismiss this claim without leave to amend in light of

2  additional details provided by plaintiff in a separate filing with the court.  "Leave to amend

3  should be granted unless the pleading 'could not possibly be cured by the allegation of other

4  facts,' and should be granted more liberally to pro se plaintiffs."  Ramirez v. Galaza, 334 F.3d

5  850, 861 (9th Cir. 2003) (citing Lopez v. Smith, 203 F.3d 1122, 1130, 1131 (9th Cir. 2000) (en

6  banc)), cert. denied, 541 U.S. 1063 (2004).  However, "[i]t is not an abuse of discretion to deny

7  leave to amend when any proposed amendment would be futile."  Reddy v. Litton Indus., Inc.,

8  912 F.2d 291, 296 (9th Cir. 1990).

9    On August 4, 2014, plaintiff filed a request to deem his administrative remedies

10  exhausted. (ECF No. 5.)  Therein, plaintiff alleged that defendant confiscated his "Petition for

11  Review" in case number G044873 in the Fourth District Court of Appeal, Division 3, causing

12  plaintiff to miss his deadline.[2]  Assuming that plaintiff did miss a deadline due to defendant's

13  conduct, review of the appellate court's opinion in that case reveals that plaintiff suffered no harm

14  since he was able to file his appeal and in fact obtained the relief that he sought:

15         Defendant Ricardo Pimentel challenges the sentence imposed on
           his convictions for burglary and receiving stolen property.  He
16         contends the court should have stayed execution of sentence on the
           receiving stolen property conviction.  He further contends the court
17         incorrectly limited his presentence conduct credits.  The Attorney
           General agrees on both points.  We modify the judgment
18         accordingly, and affirm.

19  Def.'s Request for Judicial Notice, Ex. A (People v. Pimentel, Case No. G044873, 2012 WL

20  1708856, at *1 (Cal. Ct. App. May 16, 2012)).[3]  It appears, therefore, that plaintiff has not

21  ───────────────
    [2] "[S]tatements of fact contained in a brief *may* be considered admissions of the party in the
22  discretion of the district court," American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 227 (9th
    Cir. 1988) (emphasis in original).
23
    [3] Generally, a court may not look to matters beyond the complaint without converting a motion to
24  dismiss into one for summary judgment.  Datel Holdings Ltd. v. Microsoft Corp., 712 F. Supp. 2d
    974, 983 (N.D. Cal. 2010) (citations omitted).  However, a court may take judicial notice of
25  material that is submitted as part of the complaint, or is necessarily relied upon by the complaint,
    as well as matters of public record.  Lee v. City of L.A., 250 F.3d 668, 688-89 (9th Cir. 2001).
26  Under Federal Rule of Evidence 201(b), "a judicially noticed fact must be one not subject to
    reasonable dispute that is either (1) generally known within the territorial jurisdiction of the trial
27  court; or (2) capable of accurate determination by resort to sources whose accuracy cannot
    reasonably be questioned."  Datel Holdings, 712 F. Supp. 2d at 983.  A court may "take judicial
28

1    suffered an injury-in-fact on his access-to-court claim.

2          In his opposition, plaintiff changes the basis of this claim, asserting now that he suffered

3    injury because defendant's conduct prevented him from being able to contact an attorney to

4    effectively represent him on appeal.[4]  Generally, a prisoner's right of access to the courts claim

5    includes contact with counsel. Ching v. Lewis, 895 F.2d 608, 609 (9th Cir. 1990) (per curiam).

6    But plaintiff, who was represented on appeal by appointed counsel, does not claim that he was

7    denied contact with that attorney.  Rather, he premises this claim on his alleged inability to find

8    and retain *another* attorney who would raise certain issues on appeal that his appointed counsel

9    did not raise.  This, however, is not a cognizable access-to-court claim.

10         In Bounds, the Supreme Court held that "the fundamental constitutional right of access to

11   the courts requires prison authorities to assist inmates in the preparation and filing of meaningful

12   legal papers by providing prisoners with adequate law libraries or adequate assistance from

13   persons trained in the law."  430 U.S. at 828.  In the First Amendment context, "access" "means

14   getting the courthouse door opened in such a way that it will not automatically be slammed shut

15   on them."  Knop v. Johnson, 977 F.2d 996, 1006 (6th Cir. 1992).  Here, because plaintiff's

16   appointed counsel presented claims that opened the door and were indeed ultimately successful,

17   plaintiff was able to access the courts within the meaning of the First Amendment.  See also

18   Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) (citing Knop, 977 F.2d at 1006) ("The right

19   of access is a right of 'access' and not of 'representation.'").

20         Plaintiff's charge that he was denied the ability to locate new counsel to present additional

21   claims does not state an access-to-court claim because this claim concerns only the *availability* of

22   legal assistance.  As the Second Circuit has noted, "notably absent from the [Supreme Court's

23

24   notice of undisputed matters of public record, including documents on file in federal or state
     courts." Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation
25   omitted).

26
     [4] Plaintiff also asserts for the first time a First Amendment retaliation claim and a Fourteenth
27   Amendment due process claim against defendant.  In addition, plaintiff's opposition includes
     factual allegations that are not included in his original pleading.  In light of these new claims and
28   facts, plaintiff will be granted leave to amend his complaint.

6

1  discussion in Bounds] is any mention of the *effectiveness* of the assistance." Bourdon v.

2  Loughren, 386 F.3d 88, 99 (2d Cir. 2004) (emphasis in original); see also Milton v. Morris, 767

3  F.2d 1443, 147 (9th Cir. 1985) (citing U.S. v. Chatman, 584 F.2d 1358, 1360 (4th Cir. 1978)

4  ("[W]e do not read Bounds to give an option to the Prisoner as to the form in which he elects to

5  obtain legal assistance.")); Bovarie v. Tilton, 2010 WL 743741, at *19 (S.D. Cal. Mar. 1, 2010)

6  (denying access-to-court claim that was premised on plaintiff's argument that his counsel on

7  appeal did not assert certain claims).

8       In Bourdon, the plaintiff argued he was denied access to the courts in connection with

9  pending criminal charges when the defendants refused to provide him with materials he

10  requested, particularly materials that would have allowed him to prepare a motion to dismiss the

11  charges and a motion to discharge counsel. He further argued that counsel was ineffective and so

12  could not satisfy the state's obligation to provide him with access to the courts.  The Second

13  Circuit rejected plaintiff's argument.  It found that the standard of attorney effectiveness was not

14  coextensive with the Bounds standard of adequate assistance from those trained in the law.  386

15  F.3d at 96-97.  The court said:

16       [T]he term "adequate" modifying "assistance from persons trained
         in the law" does not incorporate the effectiveness inquiry pertinent
17       to the Sixth Amendment but instead refers to the capability of
         qualified and trained persons—rather than legal amateurs and
18       laypersons—to provide, in dispensing legal assistance, access to the
         courts. Because attorneys, by definition, are trained and qualified in
19       legal matters, when a prisoner with appointed counsel claims that
         he was hindered by prison officials in his efforts to defend himself
20       ..., he must show that, on the facts of his case, the provision of
         counsel did not furnish him with the capability of bringing his
21       challenges before the courts, not that he was denied effective
         representation in the court.
22

23  Id. at 98; see also Schrier v. Halford, 60 F.3d 1309, 1314 (8th Cir. 1995) (citations omitted).

24       As in Bourdon, plaintiff here has not shown that defendant prevented him from contacting

25  his appointed counsel or hampered his ability to pursue claims through that counsel.

26  Accordingly, he has not demonstrated injury-in-fact.

27  ////

28

1    Plaintiff's opposition also proffers a third theory for his access-to-court claim.  He

2    contends that in July 2012 he was falsely charged with possession of a weapon / sharp instrument.

3    Plaintiff was appointed counsel for those proceedings.  He now accuses defendant of interfering

4    with the criminal trial, including reading confidential attorney-client mail, which deprived

5    plaintiff of a fair trial and resulted in a faulty conviction.  Defendant's complained-of conduct,

6    however, exceeds the scope of an access-to-court claim, which is limited to the filing of

7    pleadings.  Lewis, 518 U.S. at 354-55.

8    Because it does not appear that plaintiff is able to allege an actionable First Amendment

9    access-to-court claim, this claim will be dismissed without leave to amend.

10    **B.      Request for Injunctive Relief**

11    Defendant next moves to dismiss plaintiff's requests for injunctive relief requiring

12    changes in the prison mailroom policies and the initiation of a criminal investigation on the

13    ground that defendant is incapable of providing such relief.  Plaintiff's opposition appears to

14    concede the first point, noting that "the Director of the California Department of Corrections has

15    the authority to provide the injunctive relief plaintiff seek[s]."  The Director, however, is not

16    named in the pleading.  Additionally, it is axiomatic that criminal charges can only be initiated by

17    the State.  Plaintiff's request for injunctive relief, therefore, will be dismissed.

18    **C.      Monetary Damages for Mental Distress**

19    Finally, defendant moves to dismiss plaintiff's request for monetary damages to the extent

20    that it is based on mental distress alone.  The Prison Litigation Reform Act provides that "[n]o

21    Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional

22    facility, for mental and emotional injury suffered while in custody without a prior showing of

23    physical injury."  42 U.S.C. § 1997e(e).  The physical injury "need not be significant but must be

24    more than de minimis."  Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) (back and leg pain

25    and canker sore de minimis); see also Pierce v. County of Orange, 526 F.3d 1190, 1211-13 (9th

26    Cir. 2008) (bladder infections and bed sores, which pose significant pain and health risks to

27    paraplegics such as the plaintiff, were not de minimis ).  The physical injury requirement applies

28    only to claims for mental or emotional injuries and does not bar claims for compensatory,

8

1 nominal, or punitive damages.  Id. at 630.  Plaintiff does not oppose this portion of the

2 defendant's motion to dismiss.  Thus, plaintiff is advised that he may not recover damages for

3 emotional distress unless he shows prior physical injury.

4 **V.      Conclusion**

5         Based on the foregoing, the Court finds that defendant's motion to dismiss should be

6 granted.  In light of the new claims and facts asserted in the opposition, though, plaintiff is

7 granted leave to amend.

8         Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete

9 in itself without reference to any prior pleading.  As a general rule, an "amended complaint

10 supersedes the original" complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an

11 amended complaint is filed, the original complaint no longer serves any function in the case.

12 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

13 of each defendant must be sufficiently alleged.  The amended complaint should be clearly and

14 boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original

15 signed under penalty of perjury. Plaintiff's amended complaint should be brief.  Fed. R. Civ. P.

16 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to

17 relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

18         Accordingly, IT IS HEREBY ORDERED that:

19     1.  Defendant's February 4, 2016, motion for an extension of time to file a reply (ECF

20         No. 30) is granted;

21     2.  Defendant's February 29, 2016, reply is deemed timely filed;

22     3.  Defendant's January 5, 2016, motion to dismiss (ECF No. 20) is granted;

23     4.  Plaintiff's complaint is dismissed with leave to amend.  Plaintiff shall file a First

24         Amended Complaint within thirty days from the date of this Order; and

25 ////

26 ////

27 ////

28 ////

5.  Plaintiff's failure to file an amended complaint within thirty days will result in a recommendation that this action be dismissed without prejudice for failure to prosecute and failure to comply with a court order.

Dated:  May 4, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

pime1192.mtd

10