UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO PIMENTEL,<br><br>            Plaintiff,<br><br>     v.<br><br>JEFFREY BEARD, et al.,<br><br>            Defendants. | No. 2:14-cv-1192 MCE DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff filed this action in 2014. Upon screening, the court found plaintiff had stated a cognizable First Amendment claim against defendant Fleming for tampering or interfering with plaintiff's mail and interfering with plaintiff's ability to file an appeal. (ECF No. 10 at 3.) Defendant Fleming then moved to dismiss the complaint. (ECF No. 20.) On May 5, 2016, the court granted defendant's motion and permitted plaintiff to file an amended complaint. (ECF No. 34.) Plaintiff filed a first amended complaint on May 23, 2016. (ECF No. 35.)

In a document signed on March 2 and filed here on March 7, 2016, plaintiff moved for a "temporary emergency injunction." (ECF No. 33.) Plaintiff states that he is being transferred in retaliation for filing this action, that "all safe guards procedural safe guards, due process, procedural due process are being violated." He seeks to prevent the transfer and states that his

legal materials will be "taken, thrown away, or lost intentionally," apparently if the transfer is not blocked.

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party only if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). Local Rule 231(a) states that "[e]xcept in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel[.]" In the absence of such extraordinary circumstances, the court construes a motion for temporary restraining order as a motion for preliminary injunction. See, e.g., Aiello v. One West Bank, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092, at *1–2 (E.D. Cal. Jan. 29, 2010).

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

Plaintiff fails to show he will, in fact, suffer irreparable injury if he is transferred. Moreover, plaintiff has not shown defendant Fleming, at that time the only defendant in this case, had the power to block a transfer. An injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . ."). Finally, the court notes that when plaintiff filed his request for injunctive relief in March he was housed at Kern Valley State Prison ("KVSP") in Delano. (See ECF No. 33.) According to a change of address filed by plaintiff in September, he remains incarcerated at KVSP. (ECF No. 37.) Plaintiff's change of address indicated only a cell change.

////

For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's March 7, 2016 Motion for Temporary Emergency Injunction (ECF No. 33) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 29, 2016

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/pime1192.tro