UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO PIMENTEL,<br><br>          Plaintiff,<br><br>     v.<br><br>JEFFREY BEARD, et al.,<br><br>          Defendants. | No. 2:14-cv-1192 MCE DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff makes various allegations of interference with his mail, retaliation, and deprivation of his property. Before the court is plaintiff's first amended complaint. For the reasons set forth below, the first amended complaint will be dismissed and plaintiff will be given an opportunity to file an amended complaint.

**BACKGROUND**

Plaintiff initiated this action in May 2014 with a civil rights complaint alleging defendant Fleming interfered with his mail, including his legal mail, and that Fleming threatened him. (ECF No. 1.) Plaintiff also named the prison warden and the director of the California Department of Corrections and Rehabilitation ("CDCR") as defendants. On screening, the court found plaintiff stated potentially cognizable claims only against defendant Fleming for interference with his

////

1

mail.  (ECF No. 10.)  Defendant Fleming moved to dismiss.  The court granted the motion to dismiss and permitted plaintiff an opportunity to amend his complaint.  (ECF No. 34.)

On May 23, 2016, plaintiff filed a first amended complaint.  (ECF No. 35.)

**SCREENING**

**I.   Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A district court must construe a pro se pleading liberally to determine if it states a potentially cognizable claim. The court must explain to the plaintiff any deficiencies in his complaint and accord plaintiff an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Id. at 679.  Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  Twombly, 550 U.S. at 555 (citation and internal quotation and punctuation marks omitted).

**II.   Allegations in Plaintiff's First Amended Complaint**

Plaintiff, currently an inmate at Kern Valley State Prison ("KVSP"), alleges conduct by defendants at High Desert State Prison ("HDSP").  (ECF No. 35.)  Plaintiff names defendants Brett Mathew Fleming, Jeffrey Beard, N. Quintana, and J. Sweet.

Plaintiff makes the following allegations about defendant Fleming:

- In 2012, plaintiff was stabbed and exercised his Miranda rights when questioned. Defendant Fleming retaliated against plaintiff for "not cooperating or debriefing, for writing famaly about Defendant Flemings threats." Plaintiff states that his two attempts to file a grievance and a § 1983 action were "hindered, obstructed" by Fleming.
- Fleming threated plaintiff that he would fabricate 1030s[1] that plaintiff was a snitch, putting plaintiff's safety at risk.
- Fleming violated his due process rights by depriving him of property on November 1, 2012.
- Fleming violated plaintiff's right to attorney-client privileged mail by enforcing "underground regulations."
- Fleming yelled "Thanks for the information Ricardo" when other inmates were present.
- The harassment of plaintiff continues at his current institution based on "whatever has been fabricated and put in c-file by ISO-IGI officers at (HDSP)."

With respect to defendants Sweet and Quintana, plaintiff alleges they participated in depriving him of his property and escorted plaintiff on more than one occasion to permit Fleming to threaten him. Plaintiff alleges defendant Beard "was made aware of all this on 2/11/13 and on 3/5/2013 and has yet to look into things or act on anything."

Attached to plaintiff's complaint is a copy of two pages of what appears to be testimony in court. Plaintiff does not identify the proceeding or who is testifying.

In his prayer for relief, plaintiff seeks a declaratory judgment, an injunction requiring defendants to cease harassment and retaliation, an injunction "to cease/eradicate from CDCR the ISU-IGI units that go around placing negative entries in c-files," an order expunging all entries

---

[1] CDCR Form 1030 is the "Confidential Information Disclosure Form." See Rios v. Tilton, No. 2:07-cv-0790 VBS KJN P, 2013 WL 4541825, at *5 (E.D. Cal. Aug. 27, 2013), findings and recos. adopted, 2013 WL 6053815 (E.D. Cal. Nov. 15, 2013).

3

authored by defendants in plaintiff's c-file, an injunction requiring a captain with a video camera be present during all cell searches, damages in the amount of $100 per day from July 6, 2012, compensatory damages for plaintiff's "mental anguish and stress," and punitive damages.

Finally, plaintiff attaches a declaration in which he states that many times while at KVSP he has not been permitted to make copies and that he has been denied medications while there. Plaintiff is advised that if he wishes to seek relief regarding the conditions of his confinement at KVSP, he must file a separate action.

### III. Does Plaintiff State a Cognizable Claim?

Plaintiff's complaint appears to be attempting to state multiple claims. However, plaintiff fails to allege any potentially cognizable claims because, among other reasons, he does not identify any harm he has suffered.[2]

#### A. Access to Courts Claims

Plaintiff fails to show how defendant Fleming obstructed his ability to file a grievance or a § 1983 suit. Nor has plaintiff shown what grievance or § 1983 suit he attempted to file and how he suffered any harm as a result of the obstruction of his ability to file a grievance or suit. In the court's order granting defendant's motion to dismiss, plaintiff was advised that to allege a claim of a First Amendment violation of his right of access to the courts, he must show that defendant Fleming's conduct injured his litigation efforts. (See May 5, 2016 Order (ECF No. 34) at 4.) Plaintiff has failed to do so. Accordingly, plaintiff's claims that Fleming violated his right of access to the courts will be dismissed.

Plaintiff's statement that Fleming interfered with his attorney/client privileged mail based on an "underground regulation" also does not state a claim. Again, plaintiff alleges no harm with respect to his access to the courts. Plaintiff is reminded that a First Amendment claim that he has

////

---

[2] Plaintiff is reminded that his first amended complaint must be complete. (See May 5, 2015 Order (ECF No. 34) at 9.) The court cannot refer back to prior pleadings to add information to this complaint. To the extent plaintiff provided information in his prior complaint or in his briefing regarding the motion to dismiss that he wishes the court to consider, he must include that information in any second amended complaint he chooses to file.

1 | been deprived of access to the courts is limited to the filing of pleadings.  See Lewis v. asey, 518
2 | U.S. 343, 354-55 (1996).

3 |      To the extent plaintiff is alleging a First Amendment claim that Fleming interfered with
4 | his mail, that claim is also inadequate.  Generally, prisoners have "a First Amendment right to
5 | send and receive mail."  Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995).  However, there is a
6 | "delicate balance" between prisoners' First Amendment rights and the discretion given to prison
7 | administrators to govern the order and security of the prison.  Thornburgh v. Abbott, 490 U.S.
8 | 401, 407-08 (1989).  A prison may adopt regulations or practices for incoming mail which
9 | impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related
10 | to legitimate penological interests."  Turner v. Safley, 482 U.S. 78, 89 (1987).  The Turner
11 | standard applies to regulations and practices concerning all correspondence between prisoners
12 | and to regulations concerning incoming mail received by prisoners from non-prisoners.
13 | Thornburgh, 490 U.S. at 413.

14 |     Nonetheless, isolated incidents of mail interference or tampering will not support a claim
15 | under section 1983 for violation of plaintiff's constitutional rights.  See Davis v. Goord, 320 F.3d
16 | 346, 351 (2d Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v.
17 | Maschner, 899 F.2d 940, 944 (10th Cir. 1990).  See also Crofton v. Roe, 170 F.3d 957, 961 (9th
18 | Cir. 1999) (temporary delay or isolated incident of delay of mail does not violate a prisoner's First
19 | Amendment rights).  Plaintiff's vague statement that Fleming enforced an undescribed regulation
20 | to interfere with plaintiff's attorney/client mail does not state a claim.

21 |     **B.  Threats**

22 |    With respect to plaintiff's allegations that Fleming threatened him, plaintiff was advised
23 | previously that an allegation of threats, without more, does not rise to the level of a constitutional
24 | violation.  (See Dec. 31, 2014 Order (ECF No. 10) at 3.)  Verbal harassment and abuse alone are
25 | also insufficient to state a constitutional deprivation under § 1983.  See Oltarzewski v. Ruggiero,
26 | 830 F.2d 136, 139 (9th Cir. 1987).  Any claims based on Fleming's threats or verbal harassment
27 | will be dismissed.  For the same reasons, plaintiff's claim that defendants Sweet and Quintana
28 | ////

escorted him to areas apparently for the purpose of allowing Fleming to harass him does not state a claim.

### C. Deprivation of Property

With respect to plaintiff's allegations against Fleming, Sweet, and Quintana that they deprived him of his property. Plaintiff's allegations are too vague to support a claim.

The Due Process Clause protects prisoners from being deprived of their property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither negligent or "unauthorized intentional deprivations of property gives rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy." Hudson v. Palmer, 468 U.S. 517, 533 n. 14 (1983). In other words, only an authorized intentional deprivation of property is actionable under the Due Process Clause. Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987).

Plaintiff alleges only that he was deprived of his property. For this, plaintiff had an adequate post-deprivation remedy under California law. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95). In the absence of any other allegations, and again in light of his failure to describe the deprivation of property in any detail, this claim must be dismissed.

### D. Retaliation

To the extent plaintiff is attempting to allege a claim of retaliation against defendant Fleming, plaintiff's claim lacks any specificity. Plaintiff is advised that to state a retaliation claim, he must allege facts showing the following: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watson v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

**E. Entries in C-File**

Plaintiff alleges Fleming, and other unnamed officers, are responsible for placing falsified information in his C-File. Plaintiff does not explain what information he considers false or how that false information has affected him. Even if he did, there are few situations in which false information in a prisoner's record is actionable under §1983. A prisoner does not have a constitutionally guaranteed immunity from being falsely or wrongly accused of misconduct. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986); Luster v. Amezcua, No. 1:16-cv-0554 DAD GSA PC, 2017 WL 772141, at *5 (E.D. Cal. Feb. 27, 2017). California regulations do not create a protected liberty interest in accurate information in an inmate's C-file. See Alvarez v. Horel, No. C 06-5631 SBA (PR), 2009 WL 1370895, at *4 (N.D. Cal. May 14, 2009). Moreover, plaintiff has not shown that the allegedly false information "would affect the duration of his sentence or impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life." See Slaughter v. Cate, No. 12-cv-3872-VC, 2014 WL 5474025, at *5 (N.D. Cal. Oct. 28, 2014) (citing Sandin v. Connor, 515 U.S. 472, 484 (1995)); Moreland v. Virga, No. CIV S-10-2701 GGH P, 2011 WL 476543, at *5 (E.D. Cal. Feb. 4, 2011) ("The Sandin Court determined that due process could be implicated if a prisoner could demonstrate that the state action at issue would "'inevitably affect the duration of his sentence.'" (quoting Sandin, 515 U.S. at 487)). Finally, plaintiff does not attempt to state a claim that his procedural due process rights were violated by the inclusion of false information in his C-file or that the false information was added to his C-file in retaliation for his exercise of a protected rights. See Heilman v. Wasko, No. 2:12-cv-1966 JAM AC P, 2015 WL 4368952, at *6 (E.D. Cal. July 14, 2015) (no clearly established federal liberty interest for inmates to be free from false accusations when procedural due process requirements have otherwise been met); Norwood v. Diaz, No. 1:13-cv-1143 BAM (PC), 2015 WL 418231, at *6 (E.D. Cal. Jan. 30, 2015) (An inmate can state a cognizable claim arising from a false disciplinary report if the false report was done in retaliation for the exercise of his constitutional rights or if the inmate was not afforded procedural due process in connection with the resulting disciplinary

////

proceedings). Thus, plaintiff does not state a claim cognizable under § 1983 regarding false information in his C-file.

### F. Allegations against Defendant Beard

Plaintiff states simply that on two dates defendant Beard was made aware of "all this." Plaintiff does not explain what information was provided to Beard or how it was provided to him. Without more, plaintiff's allegations are too vague to state a claim against Beard. As plaintiff has been advised previously, an official in a supervisory role, such as Beard, who is identified as the Director of the California Department of Corrections and Rehabilitation, does not have liability for the actions of his subordinates. (See Dec. 31, 2014 Order (ECF No. 10) at 3.) To make out a claim against defendant Beard, plaintiff must allege with some specificity what Beard has done and how it has caused plaintiff harm.

### IV. Conclusion

The court finds the allegations in plaintiff's complaint so vague that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support plaintiff's legal claims. Id. Plaintiff will be given one final opportunity to amend his complaint.

### AMENDING THE COMPLAINT

Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the first amended complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo

1    v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.
2    Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3    Furthermore, supervisory personnel are generally not liable under § 1983 for the actions
4    of their employees under a theory of respondeat superior and, therefore, when a named defendant
5    holds a supervisorial position, the causal link between him and the claimed constitutional
6    violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
7    Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations of
8    official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d
9    266, 268 (9th Cir. 1982).

10   Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's
11   amended complaint complete. Local Rule 220 requires that an amended complaint be complete
12   in itself without reference to any prior pleading. This is because, as a general rule, an amended
13   complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).
14   Once plaintiff files an amended complaint, the original pleading no longer serves any function in
15   the case. Therefore, in an amended complaint, as in an original complaint, each claim and the
16   involvement of each defendant must be sufficiently alleged.

17   In accordance with the above, IT IS HEREBY ORDERED that:

18   1. Plaintiff's first amended complaint (ECF No. 35) is dismissed.

19   4. Plaintiff is granted thirty days from the date of service of this order to file an amended
20   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
21   Procedure, and the Local Rules of Practice. The amended complaint must bear the docket
22   number assigned this case and must be labeled "Second Amended Complaint." Plaintiff must file
23   an original and two copies of the amended complaint. Failure to file an amended complaint in
24   accordance with this order will result in a recommendation that this action be dismissed.

25   ////
26   ////
27   ////
28   ////

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: March 10, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/pime1192.fac scrn