UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO PIMENTEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY BEARD, et al.,<br><br>　　　　Defendants. | No. 2:14-cv-1192 MCE DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff makes various allegations of interference with his mail, retaliation, and deprivation of his property. Before the court is plaintiff's second amended complaint for screening. For the reasons set forth below, the court finds plaintiff has stated potentially cognizable claims for retaliation and violation of plaintiff's access to the courts against defendant Fleming. The court will order this case to proceed on those claims and recommend dismissal of the remaining claims in the second amended complaint.

## BACKGROUND

Plaintiff initiated this action in May 2014 with a civil rights complaint alleging defendant Fleming interfered with his mail, including his legal mail, and that Fleming threatened him. (ECF No. 1.) Plaintiff also named the prison warden and the director of the California Department of Corrections and Rehabilitation ("CDCR") as defendants. On screening, the court found plaintiff

1

stated potentially cognizable claims only against defendant Fleming for interference with his mail. (ECF No. 10.) Fleming moved to dismiss. The court granted the motion to dismiss on the grounds that plaintiff failed to state a cognizable claim for relief and permitted plaintiff an opportunity to amend his complaint. (ECF No. 34.)

On May 23, 2016, plaintiff filed a first amended complaint. (ECF No. 35.) In that complaint, plaintiff reiterated some claims against defendant Fleming and added new ones. In addition, plaintiff added claims against new defendants Beard, Quintana, and Sweet. On screening, the court found plaintiff failed to state cognizable claims against any defendant. Plaintiff was given one final opportunity to attempt to state a cognizable claim by filing an amended complaint. (ECF No. 41.)

On April 14, 2017, plaintiff filed a second amended complaint. (ECF No. 45.)

**SCREENING**

The court is required to screen all complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Plaintiff, currently an inmate at Kern Valley State Prison, alleges conduct by defendant Brett Mathew Fleming at High Desert State Prison. (ECF No. 45.) Plaintiff asserts three claims – retaliation, access to the courts, and due process. They are addressed below.

**I.     Claim 1 - Retaliation**

**A. Allegations in the Second Amended Complaint**

Plaintiff appears to be alleging the following instances of retaliation by defendant Fleming:

1. Fleming placed negative entries in plaintiff's prison record, put plaintiff in administrative segregation, and changed plaintiff's conduct earning credits, which resulted in a release date change. These acts were in retaliation for

////

plaintiff's exercise of his Fifth Amendment rights not to speak with officers regarding a contraband investigation.

2. Fleming validated plaintiff as a gang member in retaliation for plaintiff's exercise of his Miranda rights not to discuss a stabbing.

3. When plaintiff filed grievances about the retaliatory conduct, Fleming threw them away.

4. Plaintiff was also prevented from filing grievances about the gang validation which prevented him from pursuing relief under § 1983.

**B. Legal Standards for Retaliation Claim**

To state a retaliation claim, plaintiff must allege facts showing the following: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watson v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

**C. Does Plaintiff State a Claim for Retaliation?**

Liberally construed, plaintiff's complaint sufficiently states a claim for retaliation. Plaintiff contends Fleming took adverse action against him by placing negative entries in plaintiff's prison record, putting plaintiff in administrative segregation, and changing plaintiff's conduct earning credits. Plaintiff further contends Fleming did so as a result of plaintiff's assertion of his Fifth Amendment right not to incriminate himself. The exercise of a Fifth Amendment right during a prison investigation is "protected conduct" for purposes of a retaliation claim. See Bridges v. Hubbard, No. CIV S-09-0940 TLN DAD P, 2013 WL 3773886, at *9 (E.D. Cal. July 17, 2013), report and reco. adopted, 2013 WL 5230239 (E.D. Cal. Sept. 16, 2013). Finally, plaintiff states that he suffered tangible harm as a result of Fleming's actions – placement in administrative segregation and an extended release date.

////
////

3

Plaintiff also states a claim for retaliation based on the exercise of his right not to speak with investigators about the stabbing which, he claims, resulted in being labelled by Fleming as a gang member.

However, with respect to plaintiff's contentions that Fleming prevented plaintiff's filing of grievances, plaintiff fails to show he suffered any harm. The court finds plaintiff has not stated retaliation claims on that basis. Further, because plaintiff has had numerous opportunities to state claims and has failed to do so, on this basis, the court will not permit plaintiff to amend his complaint to attempt to state a retaliation claim based on Fleming preventing plaintiff from filing grievances.

### II. Claim 2 – Access to the Courts

#### A. Allegations in the Second Amended Complaint

Plaintiff contends defendant took all of his legal materials, preventing plaintiff from timely filing a petition for a writ of habeas corpus challenging his criminal sentence. Plaintiff states that his habeas case in the California Supreme Court, case no. S238774, was denied due to untimeliness. Attached to the complaint is an order from the California Supreme Court dated January 18, 2017 in the case of In re Ricardo Pimentel, No. S238774. The order states that "The petition for writ of habeas corpus is denied. (See *In re Robbins* (1998) 18 Cal.4th 770, 780.)" (ECF No. 45 at 8.) Petitioner is correct that a denial based on this citation to Robbins indicates the California Supreme Court found the petition untimely.

Plaintiff also appears to be contending that Fleming interfered with his outgoing and incoming legal mail regarding his trial for possession of a weapon. Plaintiff identifies this as case no. CH030414. However, he does not identify the court. Plaintiff states that at the preliminary hearing in that case, Fleming admitted to "gang validation and obstructing, hindering legal mail." Plaintiff concludes that Fleming's interference in this case caused him to be found guilty.

#### B. Legal Standards

The First Amendment right to petition the government includes a right of access to the courts. See Cal. Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 510 (1972). Prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977).

4

Prisoners also have a right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without active interference by prison officials." Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011), abrogated on other grounds as recognized in Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

An inmate alleging a violation of this right must show that he suffered an actual injury. Lewis v. Casey, 518 U.S. 343, 349-51 (1996). That is, plaintiff must allege that the deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. See id. at 351; Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354-55.

**C. Does Plaintiff State a Claim for Violation of his Right of Access to the Courts?**

Plaintiff's contends that Fleming deprived him of his legal materials which prevented him from filing a timely habeas corpus petition. This is sufficient to state a claim that plaintiff's First Amendment right of access to the courts was violated. However, plaintiff's second set of allegations that interference with his legal mail resulted in a guilty finding in his trial for possession of a weapon is too vague and speculative to allege either a First Amendment claim of interference with mail or a claim of interference with plaintiff's access to the courts. Again, the court finds plaintiff has had adequate opportunity to state a claim on this ground and will not be permitted to amend his complaint again to attempt to do so.

**III.    Claim 3 – Due Process Violations**

In this claim, plaintiff appears only to re-allege the contentions made in his prior two claims. To the extent plaintiff is claiming here that Fleming deprived him of his property, as discussed in the court's prior screening order those allegations do not state a claim under § 1983. (See Mar. 13, 2017 Order (ECF No. 41) at 6.) The court finds nothing in claim 3 which would state a separate claim cognizable under § 1983.

////

////

**IV.     Relief Sought**

Plaintiff requests that the inaccurate entries in his C-file and the gang validation be expunged.  He asks that all credits be restored.  He seeks an end to the retaliation against him by ISU-IGI units.  He asks for the right to file a habeas corpus petition and for a new trial in case no. CH030414.  Finally, he requests nominal, compensatory, and punitive damages.

## REQUEST TO DEEM ADMINISTRATIVE REMEDIES EXHAUSTED

Attached to plaintiff's second amended complaint is a "Request for the Court to Deem Plaintiff's Administrative Remedies Exhausted."  (ECF No. 45 at 9.)  Although plaintiff is correct that administrative exhaustion is a prerequisite to bringing this action, it is not his burden to prove or even plead that he has met it.

Exhaustion is not a jurisdictional requirement; it is an affirmative defense that a defendant must raise and prove.  See Jones v. Bock, 549 U.S. 199, 211-17 (2007); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010). Until a defendant asserts it as an affirmative defense, failure-to-exhaust is not, as a general matter, an issue that a court ought to address. Therefore, plaintiff's motion for a ruling on the adequacy of his attempt to exhaust administrative remedies is premature.  The court will deny the request without prejudice to any party raising any argument on the question of exhaustion at the appropriate time and in the appropriate manner

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff has stated claims for retaliation and violation of his First Amendment right of access to the courts against defendant Fleming as set out above.

2. Service of the second amended complaint is appropriate for defendant Fleming.

3. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet, and a copy of the second amended complaint filed April 14, 2017.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

   a. The completed, signed Notice of Submission of Documents;

   b. One completed summons;

c. One completed USM-285 form for defendant Fleming; and

              d. Two copies of the endorsed second amended complaint filed April 20, 2017.

      5. Plaintiff shall not attempt to effect service of the amended complaint on defendant or request a waiver of service of summons from defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

      6. Plaintiff's request to deem administrative remedies exhausted is denied without prejudice.

      Further, IT IS HEREBY RECOMMENDED that all claims in the second amended complaint, except the claims for retaliation and for violation of plaintiff's First Amendment right of access to the courts against defendant Fleming as described above, be dismissed without prejudice.

      These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 12, 2017

                                          _____
                                          DEBORAH BARNES
                                          UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/pime1192.SAC scrn 2

7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO PIMENTEL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JEFFREY BEARD, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-1192 MCE DB P<br><br><br>NOTICE OF SUBMISSION |

　　　Plaintiff submits the following documents in compliance with the court's order filed
_____:

　　\_\_\_\_　　　completed summons form

　　\_\_\_\_　　　completed USM-285 forms

　　\_\_\_\_　　　copies of the First Amended Complaint

DATED:

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff