UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO PIMENTEL,<br><br>    Plaintiff,<br><br>v.<br><br>BRETT MATHEW FLEMING,<br><br>    Defendant. | No. 2:14-cv-1192 MCE DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel as he is incarcerated and has limited knowledge of the law. Plaintiff also requests a stay of these proceedings pending a decision on his motion for appointment of counsel. (ECF Nos. 59, 60.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Here, plaintiff seeks appointment of counsel based on the difficulties he faces in conducting legal research because he is incarcerated and his limited knowledge of the law. These factors do not amount to the required exceptional circumstances.

Because the court denies plaintiff's motion for the appointment of counsel, the court will recommend plaintiff's motion to stay this case be denied. However, the court is concerned about one statement plaintiff makes. In his motion for a stay, plaintiff states that a letter he wrote to an attorney and gave to a correctional officer during mail pick up was never in fact mailed. If plaintiff continues to experience interference with his legal mail involving this case, he may contact the court for assistance.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 59) is denied; and

IT IS HEREBY RECOMMENDED that plaintiff's motion to stay (ECF No. 60) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 10, 2018

DLB:9
DB/prisoner-civil rights/pime1192.31

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE