UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO PIMENTEL,<br><br>    Plaintiff,<br><br>    v.<br><br>BRETT MATHEW FLEMING,,<br><br>    Defendant. | No. 2:14-cv-1192 MCE DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendant retaliated against him in violation of his First and Fifth Amendment rights and interfered with his access to the courts in violation of his First Amendment rights. Before the court is defendant's motion for summary judgment. For the reasons set forth below, this court will recommend defendant's motion be granted.

**BACKGROUND**

This case is proceeding on plaintiff's second amended complaint filed in April 2017 and involves conduct by defendant Fleming when plaintiff was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 45.) On screening, the court found plaintiff stated the following potentially cognizable claims:

(1) Defendant retaliated against plaintiff for exercising his Fifth Amendment right not to cooperate into an investigation about the introduction of contraband by a staff member. The

1

retaliation consisted of negative entries in plaintiff's prison record, plaintiff's placement in administrative segregation ("ad seg"), and a change to plaintiff's conduct credits that could affect his release date.

(2) After plaintiff was stabbed in July 2012, he refused to cooperate with an investigation into the stabbing. Based on his lack of cooperation, defendant retaliated against him by validating him as a gang member.

(3) Defendant deprived plaintiff of his legal materials, which caused plaintiff to be unable to file a timely habeas corpus petition. (June 13, 2017 Order (ECF No. 47).)

On November 17, 2017, defendant filed an answer. (ECF No. 57.) On June 29, 2018, defendant filed the present motion for summary judgment along with a statement of undisputed facts, three declarations, and numerous exhibits. (ECF Nos. 66-71.) On October 12, 2018, plaintiff filed an opposition to the motion (ECF No. 80) and on October 19, defendant filed a reply.

## MOTION FOR SUMMARY JUDGMENT

**I.     General Legal Standards**

**A.  Summary Judgment Standards under Rule 56**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).

////

2

1    When the non-moving party bears the burden of proof at trial, "the moving party need
2    only prove that there is an absence of evidence to support the nonmoving party's case." Oracle
3    Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325.); see also Fed. R. Civ. P. 56(c)(1)(B).
4    Indeed, summary judgment should be entered, after adequate time for discovery and upon motion,
5    against a party who fails to make a showing sufficient to establish the existence of an element
6    essential to that party's case, and on which that party will bear the burden of proof at trial. See
7    Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the
8    nonmoving party's case necessarily renders all other facts immaterial." Id. In such a
9    circumstance, summary judgment should be granted, "so long as whatever is before the district
10   court demonstrates that the standard for entry of summary judgment . . . is satisfied." Id. at 323.

11       If the moving party meets its initial responsibility, the burden then shifts to the opposing
12   party to establish that a genuine issue as to any material fact exists. See Matsushita Elec. Indus.
13   Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of
14   this factual dispute, the opposing party typically may not rely upon the allegations or denials of its
15   pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or
16   admissible discovery material, in support of its contention that the dispute exists. See Fed. R.
17   Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11.

18       However, a complaint that is submitted in substantial compliance with the form prescribed
19   in 28 U.S.C. § 1746 is a "verified complaint" and may serve as an opposing affidavit under Rule
20   56 as long as its allegations arise from personal knowledge and contain specific facts admissible
21   into evidence. See Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Schroeder v. McDonald,
22   55 F.3d 454, 460 (9th Cir. 1995) (accepting the verified complaint as an opposing affidavit
23   because the plaintiff "demonstrated his personal knowledge by citing two specific instances
24   where correctional staff members . . . made statements from which a jury could reasonably infer a
25   retaliatory motive"); McElyea v. Babbitt, 833 F.2d 196, 197–98 (9th Cir. 1987); see also El Bey
26   v. Roop, 530 F.3d 407, 414 (6th Cir. 2008) (Court reversed the district court's grant of summary
27   judgment because it "fail[ed] to account for the fact that El Bey signed his complaint under
28   penalty of perjury pursuant to 28 U.S.C. § 1746. His verified complaint therefore carries the

same weight as would an affidavit for the purposes of summary judgment."). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

To show the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (citations omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all reasonable inferences supported by the evidence in favor of the non-moving party." Walls v. Central Contra Costa Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted)

**B. Civil Rights Act Pursuant to 42 U.S.C. § 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of §1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

## II. Statements of Facts

Defendant submitted a substantial statement of undisputed facts ("DUF"). (ECF No. 67.) Despite having over three months to do so, plaintiff failed to file anything in response. He filed only a two-page opposition document that simply states that it was a First Amendment violation to deprive him of the right to file a timely habeas petition in retaliation for his refusal to cooperate with a criminal investigation. Plaintiff then references Lassen County Superior Court case no. CH030414 but provides no explanation for providing that reference.[1] (ECF No. 80.)

Because he fails to provide any evidence from which this court might doubt the facts set out by defendant, this court must accept defendant's facts as true for purposes of defendant's summary judgment motion. Matsushita, 475 U.S. at 587. Accordingly, the court sets out here a summary of the undisputed facts. In the following section, the court explains why plaintiff's failure to support his claims should result in summary judgment in defendant's favor.

In December 2011, plaintiff plead guilty to involvement in an October 2011 riot at HDSP.

---

[1] According to the website for the Lassen County Superior Court, the case identified by plaintiff is People v. Pimentel, No. CH030414. Plaintiff was charged with possession of a sharp instrument in prison. In a March 2013 jury trial, Officer Fleming, the defendant in the present case, and two other prison staff testified that they found a knife in plaintiff's shoe. Plaintiff was convicted. See http://www.lassencourt.ca.gov/online_services/casesearch.shtml. The conviction was affirmed on appeal. People v. Pimentel, No. C076977, 2015 WL 1951925 (Cal. Ct. App., 3rd App. Dist., Apr. 30, 2015). The California Supreme Court denied review. People v. Pimentel, No. S226515 (July 8, 2015). See http://appellatecases.courtinfo.ca.gov/search/case. It is worth noting that in this state prosecution and appeals, plaintiff contended that Fleming had planted the knife in plaintiff's shoe. The Court of Appeal characterized plaintiff's portrayal of Officer Fleming as the "Darth Vader of High Desert State Prison" and the other witnesses who saw the weapon in plaintiff's shoe as his "minions." 2017 WL 1951925, at *2.

(DUF Nos. 1-2.) As a result, plaintiff lost 90 days of credit that could potentially affect his release date, lost 10 days of privileges, and received a Rules Violation Report documenting the discipline. (DUF No. 3.) Plaintiff was also assessed a four-month term in the Security-Housing Unit ("SHU"). (DUF No. 4.) That SHU term was eventually suspended. (Id.) Defendant had no involvement in the discipline plaintiff received for this offense. (DUF No. 5.)

On November 22, 2011, Correctional Lieutenant Gamberg placed plaintiff in ad seg pending an investigation of a possible conspiracy between plaintiff and a prison staff member to introduce contraband cell phones in the prison. (DUF Nos. 6-7.) Defendant had no involvement in this investigation or in the decision to place plaintiff in ad seg. (DUF 9.)

Starting in January 2012, defendant, who was then an Assistant Institutional Gang Investigator, began to investigate plaintiff's ties with the Mexican Mafia prison gang. (DUF No. 32.) Defendant met with plaintiff during the investigation to ask him about his gang affiliation with the Mexican Mafia. (DUF No. 51.) Defendant told plaintiff that if he disavowed any further affiliation with the Mexican Mafia gang and disclosed all prior ties to the gang so that defendant could confirm his disavowment, defendant would recommend that plaintiff be housed in a protective custody setting instead of continuing the investigation into plaintiff's Mexican Mafia connections. (DUF No. 52.) Defendant was also aware that other inmates had recently stabbed plaintiff. (DUF No. 53.) Defendant asked plaintiff if the stabbing was gang-related and told plaintiff he could be placed in protective custody to assure his safety. (DUF No. 54.) Plaintiff refused to discuss the stabbing incident. (DUF No. 55.) As a result of the investigation, defendant recommended that plaintiff be validated as a Mexican Mafia gang member. (DUF No. 59.)

Plaintiff was permitted an opportunity to respond to defendant's recommendation and did so. (DUF No. 60-64.) Institutional Gang Investigator, Lieutenant Hitt found the evidence submitted by defendant sufficient to validate plaintiff as a gang member. (DUF No. 66.) On December 20, 2012, the Office of Correctional Safety reviewed the evidence and validated plaintiff as an associate of the Mexican Mafia prison gang. (DUF No. 67.) On February 8, 2013, officials at HDSP determined that plaintiff should be held in ad seg due to the validation. (DUF

No. 68.) Plaintiff was then assigned indeterminate SHU status based on the validation. (DUF No. 69.)

In August 2014, HDSP's Institutional Classification Committee determined that plaintiff could be released from ad seg but would remain validated. (DUF No. 71.) On November 5, 2014, plaintiff was transferred to Kern Valley State Prison ("KVSP"). (DUF No. 72.)

With respect to plaintiff's legal challenges to his conviction and sentence. Plaintiff filed an appeal in the California Court of Appeal seeking a modification of his sentence. On May 16, 2012, the Court of Appeal agreed with plaintiff, modified his sentence, and otherwise affirmed his conviction. (DUF No. 74.) On December 5, 2016, plaintiff filed a petition for a writ of habeas corpus in the California Supreme Court.[2] (DUF No. 80.) The California Supreme Court denied the petition as untimely. (DUF No. 82.)

**III.    Analysis**

**A. Retaliation**

Within the prison context, a viable claim of retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment or other rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted). To prove the second element, retaliatory motive, plaintiff must show that his protected activities were a "substantial" or "motivating" factor behind the defendant's challenged conduct. Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009) (quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)). Plaintiff must provide direct or circumstantial evidence of defendant's alleged retaliatory motive; mere speculation is not sufficient. See

---

[2] The proof of service attached to plaintiff's petition to the California Supreme Court is dated September 29, 2016. (See ECF No. 68-1 at 43.) Like the federal courts, the California Supreme Court recognizes a "mail box rule" by which a prisoner's legal document is deemed filed when he delivers it to prison staff for mailing. See Silverbrand v. County of Los Angeles, 46 Cal. 4th 106, 114 (2009). For purposes of this court's analysis herein, the difference between the date on plaintiff's proof of service and the date his petition was filed in the California Supreme Court is not important.

7

McCollum v. Cal. Dep't of Corr. and Rehab., 647 F.3d 870, 882–83 (9th Cir. 2011); accord Wood v. Yordy, 753 F.3d 899, 905 (9th Cir. 2014). In addition to demonstrating defendant's knowledge of plaintiff's protected conduct, circumstantial evidence of motive may include: (1) proximity in time between the protected conduct and the alleged retaliation; (2) defendant's expressed opposition to the protected conduct; and (3) other evidence showing that defendant's reasons for the challenged action were false or pretextual. McCollum, 647 F.3d at 882 (quoting Allen v. Iranon, 283 F.3d 1070, 1077 (9th Cir. 2002)).

First, plaintiff fails to show that defendant took an adverse action in response to plaintiff's involvement in the October 2011 prison riot or plaintiff's alleged involvement in the introduction of cell phones into the prison through a prison staff member. Plaintiff does not provide any evidence to support a conclusion that defendant participated in any way in the investigations of or consequences for either event. Based on the undisputed facts before the court, plaintiff's retaliation claim on these bases should fail.

Second, plaintiff does not show defendant had a retaliatory motive when he validated plaintiff as a gang member. Plaintiff provides no evidence to support a connection between his refusal to discuss the stabbing and defendant's recommendation that he be validated. Defendant shows that in January 2012 he began investigating plaintiff's association with the Mexican Mafia. (Decl. of B. Fleming, ¶ 18 (ECF No. 69 at 6).) Defendant investigated possible gang-related communications involving plaintiff in numerous notes and letters in January, March, May, and June 2012. (Id. ¶¶ 18-23.) At some point after plaintiff was stabbed in July 2012, defendant asked plaintiff whether the stabbing was gang-related and plaintiff refused to discuss it with him. (Id. ¶ 25.) It appears that defendant's first identification of plaintiff as an "active associate of the Prison Gang known as the Mexican Mafia" was in a memorandum dated September 11, 2012. (Ex. D to Decl. of B. Fleming (ECF No. 69-4).) Thus, defendant shows that an investigation into plaintiff's gang activity preceded his refusal to discuss the stabbing by many months. Plaintiff fails to provide any evidence which might tend to show that defendant was motivated by plaintiff's refusal to discuss the stabbing when he recommended that plaintiff be validated as a gang member.

This court finds plaintiff has completely failed to provide evidence to support necessary elements for his retaliation claims. He fails to show any involvement by defendant in the 2011 investigations or their consequences. Plaintiff also fails to provide any support for a connection between his refusal to discuss the stabbing and defendant's recommendation that he be validated as a gang member. This court need not reach the other elements of plaintiff's retaliation claims because the undisputed facts show that plaintiff cannot prove the necessary elements of an adverse action or of causation and, therefore, cannot succeed on those claims. This court will recommend defendant's motion for summary judgment on plaintiff's retaliation claims be granted.

**B. Access to the Courts**

The First Amendment right to petition the government includes a right of access to the courts. See Cal. Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 510 (1972). Prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977). Prisoners also have a right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without active interference by prison officials." Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011), abrogated on other grounds as recognized in Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

An inmate alleging a violation of this right must show that he suffered an actual injury. Lewis v. Casey, 518 U.S. 343, 349-51 (1996). That is, plaintiff must allege that the deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. See id. at 351; Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).

Plaintiff's access to courts claim does not hold up under scrutiny. He states that defendant deprived him of his legal property, which prevented him from filing a timely petition for writ of habeas corpus with the California Supreme Court. Plaintiff provides no factual basis for his contention that he was deprived of his property or that defendant had any responsibility for a deprivation of his property. Moreover, plaintiff fails to show that he would have filed a timely petition for a writ of habeas corpus. Plaintiff states that he was "unaware" of the one-year statute

of limitations to file that petition.  (See Sec. Am. Compl. (ECF No. 45 at 4).)  Whether or not any such statute of limitations exists, it is clear that plaintiff was not aware that his petition might be dismissed for untimeliness.  Plaintiff's lack of understanding is underscored by the fact that he did not file a petition until almost two years after he left HDSP.  There is no basis for this court to find that defendant had any involvement in plaintiff's access to his property during that almost two-year period when plaintiff was at KVSP.  Plaintiff again fails to show that any deprivation of property caused by defendant was the cause of his late-filed petition.  This court will recommend denial of plaintiff's access to courts claim as well.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendant's motion for summary judgment (ECF No. 66) be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 26, 2018

DLB:9
DLB1/prisoner-civil rights/pime1192.msj fr

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

10