UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICARDO PIMENTEL,

    Plaintiff,

v.

J. BEARD, et al.,

    Defendants.

No. 2:14-cv-1192 MCE DB P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner who was proceeding pro se and in forma pauperis with this civil rights action under 42 U.S.C. § 1983.

On February 6, 2019, this case was closed, and judgment was entered in favor of defendants. (ECF Nos. 82, 83.) On February 20, 2019, defendants filed a Bill of Costs seeking to recover $821.50, the cost of plaintiff's deposition transcript. (ECF No. 85.) Plaintiff has filed no response.

**LEGAL STANDARDS**

Rule 54(d) of the Federal Rules of Civil Procedure states: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." There is a presumption in favor of awarding costs to the prevailing party, and a district court following the presumption need not specify its reasons for doing so. Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003). However, the court may elect not

to award costs where the party is indigent or where other compelling circumstances exist. <u>Escriba v. Foster Poultry Farms, Inc.</u>, 743 F.3d 1236, 1247-48 (9th Cir. 2014). The losing party must demonstrate why costs should not be awarded. <u>Nat'l Info. Servs., Inc. v. TRW, Inc.</u>, 51 F.3d 1470, 1471-72 (9th Cir. 1995), <u>overruled on other grounds</u>, <u>Ass'n of Mexican-Am. Educators v. State of California</u>, 231 F.3d 572, 592-3 (9th Cir. 2000). "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." <u>Id.</u> This list is not exhaustive, but rather a starting point for analysis. <u>Escriba</u>, 743 F.3d at 1248.

The costs that may be taxed are those enumerated in 28 U.S.C. § 1920. <u>See</u> <u>Alflex Corp. v. Underwriters Lab., Inc.</u>, 914 F.2d 175 (9th Cir. 1990) (per curiam) (citing <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441-42 (1987)). Section 1920(2) lists "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" as a taxable cost.

**ANALYSIS**

This case involved plaintiff's claims that defendants violated his First and Fifth Amendment rights by retaliating against him and interfering with his right of access to the courts. The court found plaintiff failed to provide facts to support necessary elements of his claims and granted defendants' motion for summary judgment. (ECF Nos. 82, 83.) Defendants were thus the prevailing parties, and the prevailing parties generally are allowed to recover reasonable costs.

The court must balance the fact that plaintiff proceeded in this case as an indigent against granting what is regularly awarded the prevailing party. It should be noted that defendants are not seeking to recover excessive, questionable, or marginal costs. They seek nothing more than to be repaid the amount actually paid to a third party for something almost always essential to defense of a case - a transcript of plaintiff's deposition testimony.

The court will consider specifically the factors identified in the above-cited cases. First, this case is not one of public import; nor did it present close and difficult issues. Second, taxing costs against plaintiff would no more chill his access to the courts than any other plaintiff. All litigants must weigh the relative risks of filing a civil suit (including the financial risks) against

the potential benefits.  See, e.g., Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999) ("[r]equiring prisoners to pay filing fees for suits will force them to go through the same thought process non-inmates go through before filing a suit, i.e., is filing this suit worth the costs?")  Third, the fact that plaintiff is an indigent inmate does not, alone, warrant special treatment.  To deny defendants costs solely on these grounds might well give plaintiff and others incentive to file, risk free, multiple meritless lawsuits.  Padula v. Morris, No. 2:05-CV-00411-MCE, 2014 WL 280971, at *2 (E.D. Cal. Jan. 24, 2014).

Finally, the economic disparity between the parties - a prisoner and a state entity - is about as great as one might envision.  The state would hardly notice a $821.50 expenditure.  Plaintiff, on the other hand, might never get out from under a debt of that magnitude.

Considering all the foregoing, the court finds the interests of justice would not be served by taxing the full amount of the costs against plaintiff.  Still, defendant, as the prevailing party, is entitled to some amount of reimbursement, and there is value and principle in holding unsuccessful inmate litigants at least partially accountable for the costs of their suits.  "The district court may apportion costs between the winning and losing parties."  Oyarzo v. Tuolumne Fire Dist., No. 1:11-CV-01271-SAB, 2014 WL 1757217, at *2 (E.D. Cal. Apr. 30, 2014) (citing In re Paoli R.R. Yard PCB Lit., 221 F.3d 449, 469 (3rd Cir. 2000)).  Therefore, defendant's request for costs should be granted in part.  Half of the cost of the deposition, or $410.75 should be taxed against plaintiff.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants' request for costs (ECF No. 85) be GRANTED IN PART; and

2. Costs be taxed against plaintiff in the amount of $410.75.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 28, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/pime1192.bill of costs